**SPENCE LAW OFFICE, P.C.**
Robert J. Spence, Esq. (RS3506)
Proposed Attorneys for the Debtors and
Debtors-in-Possession
55 Lumber Road, Suite 5
Roslyn, New York 11576
Tel.:(516) 336-2060

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                          Chapter 11

JVK Operations Limited,                     Case No.:   24-70799 REG
Fdba C&S RE Holdings Co. LLC,

                              Debtor.

-----------------------------------------------------------X
In re:

                                            Chapter 11

JVK Operations Ltd. of NJ,               Case No.: 24-70800 REG
                      Debtor.

-----------------------------------------------------------X

**DEBTORS' JOINT EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS (A) AUTHORIZING  USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, AND (B) SCHEDULING A  FINAL HEARING, AND (C) GRANTING RELATED RELIEF**

     JVK Operations Limited ("JVK NY") and JVK Operations Ltd. of NJ ("JVK NJ") the

debtors and debtors in possession in the above-captioned chapter 11 cases (JVK NY and JVK NJ

collectively, the "Debtors"), by and through their proposed counsel, Spence Law Office, P.C.,

move for entry of an interim order, substantially in the form attached hereto as **Exhibit A** (the

"Proposed Interim Order"), and for entry of a final order, pursuant to sections 105(a), 361, 362,

363, 364, 507 and 552 of title 11 of the United States Code (the "Bankruptcy Code"), Rules

2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rule 4001-5 of the Local Rules of the United States Bankruptcy Court for the Eastern

District of New York (the "Local Rules"), (i) authorizing the Debtors to use Cash Collateral (as

defined below) subject to the terms and conditions set forth in the Interim Order, (ii) granting

adequate protection (as defined below) in the form and manner provided for in the Interim Order,

(iii) scheduling a final hearing (the "Final Hearing") to consider entry of an order granting the

relief requesting in this motion on a final basis (the "Final Order") and (iv) granting related relief.

In support of this Motion, the Debtors relies upon the *Declaration of Vinod Samuel In Support Of*

*First Day Motions And Pursuant To Rule 1007-4 Of The Local Bankruptcy Rules (ECF 9 in each*

*chapter 11 case) (the "First Day Declaration")* filed contemporaneously herewith, and

respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C §§ 157 and

1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue of this case and this proceeding is proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a), 361, 362,

363 and 507, and 552 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, and 9014, and Local

Rule 4001-5.

## BACKGROUND

### A. General

4.      On March 1, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code in this Court.

5.      The Debtors remain in possession of their assets and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      As of the date hereof, no trustee, examiner, or official committee of unsecured creditors has been appointed in the Debtors' chapter 11 cases.

7.      Additional factual background regarding the Debtors, including their business operations, capital structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration filed contemporaneously herewith.

8.      The Debtors are New York for-profit corporations.  Since 2004, the Debtors have been a leading provider of linen, scrubs and other garments. Their core business is providing laundry services to hospitals and nursing homes in the New York metropolitan area. These are essential services for the hospitals to provide care to the patients they serve.

**B. Prepetition Capital Structure**

9.      Pursuant to a recent judgment and lien report received for the Debtors and its assets, there are a number of UCC filings.   All relevant lien records are annexed hereto collectively as **Exhibit B.**

10.     Both Debtors have secured creditors who are secured by virtue of security agreements and UCC filings with the Secretary of State in New York (for JVK NY) and the New Jersey Department Of The Treasury Division Of Revenue (for JVK NJ).   In order of priority by timing of their filing, and without regard to or acknowledgment of their amount, validity, priority or extent, or their encumbrance on Cash Collateral,[1] are as follows:

<u>**JVK OPERATIONS LIMITED:**</u>

  **a.  BNB Bank/Dime Comm.**

---

[1] The Debtors reserve the right to contest the amount(s), extent, priority, and validity of liens and claims of all creditors.

Claim Amount: $959,065.53
Collateral: All Assets
UCC Lien Filing: 5/8/2012

**b.  Santander Bank**
Claim Amount: $174,999.92
Collateral: All Assets
UCC Lien Filing: 8/2/2016

**c.  Small Business Admin.**
Claim Amount: $1,500,000.00
Collateral: All Assets
UCC Lien Filing: 7/3/2020

**d.  BNB Bank/Dime Comm.**
Claim Amount: $340,887.49
Collateral: Equipment (2012)
Security Agreement

**e.  Corporation Service Co. (As Representative)**
Claim Amount: Unknown
Collateral:  Equipment
UCC Lien Filing: 04/24/2018

**f.  CIT Leasing**
Claim Amount: $117,867.85
Collateral: Equipment
UCC Lien Filing: 11/15/2021

**g.  Pawnee Leasing**
Claim Amount: $167,522.08
Collateral: Equipment
UCC Lien Filing: 11/16/2021

**h.  Navitas**
Claim Amount: $190,498.00
Collateral: Equipment
UCC Lien Filing: 11/19/2021

**i.  Ascentium Bank**
Claim Amount: $162,209.70
Collateral: Equipment
UCC Lien Filing: 12/3/2021

**j.  Ascentium Bank**
Claim Amount: $108,011.70

Collateral: Equipment
UCC Lien Filing: 12/3/2021

**k.  American Capital**
Claim Amount: $113,914.96
Collateral: Equipment
UCC Lien Filing: 12/21/2021

JVK OPERATIONS LTD. OF NJ:

**a.  Santander Bank NA**
Claim Amount: $174,999.00
Collateral: All Assets
UCC Lien Filing: 8/2/16

**b.  TD Bank NA**
Claim Amount: $99,218.00
Collateral: All Assets
UCC Lien Filing: 6/4/2019

**c.  BNB Bank**
Claim Amount: $908,478.59
Collateral: All Assets
UCC Lien Filing: 7/31/20

11.     Based on the circumstances of each security interest described above, the Debtors submit that lienholders "a" through "c" for JVK NY and lienholders "a" through "d" for JVK NJ, assert liens on "accounts" and therefore against the Debtors' Cash Collateral (defined below). Lienholder "d" through "j" are parties who leased equipment to JVK NY.   The Debtors does not believe that these lienholders have been granted or assert a lien on Cash Collateral.

12.     The Debtors seek authority to use Cash Collateral during this Chapter 11 Cases in accordance with their respective 13-week budgets as may be amended from time to time (each, a "Budget") attached hereto as **Exhibit C** (and attached to the First Day Declaration as Exhibit A).

**THE DEBTORS' IMMEDIATE NEED TO USE CASH COLLATERAL**

13.     The Debtors seek authority to use cash collateral (as such term is defined in section 363(a) of the Bankruptcy Code, "Cash Collateral").

14.     As set forth in the First Day Declaration, the Debtors needs access to Cash Collateral to, *inter alia*, pay ordinary and critical expenses to continue to operate its business in the ordinary course of business during this Chapter 11 Cases and to prosecute this Chapter 11 Case. The Debtors cannot operate without access to cash, and failure to obtain access now will cause immediate and irreparable harm to the Debtor, creditors and parties in interest. The Debtors requires immediate access to liquidity to ensure that it is able to continue operating during this Chapter 11 Cases and preserve the value of their estates for the benefit of all parties in interest. The Debtors believes that the Budget and their projections provide an accurate reflection of their funding requirements over the identified period, will allow it to meet their obligations—including the administrative expenses of this Chapter 11 Case—and are reasonable and appropriate under the circumstances.

15.     The Debtors proposes to use Cash Collateral pursuant to the Debtors respective Budgets to be attached to the Interim Order as **Exhibits 1 and 2**, subject to certain variances set forth therein.

16.     As adequate protection for their proposed use of Cash Collateral as set forth above, the Debtors proposes to provide replacement liens in the same order of priority and to the extent the secured parties enjoyed pre-petition.

17.     In accordance with the disclosure requirements of Bankruptcy Rule 4001(b), the Debtors submit the following concise statement of the material terms of the Interim Order:

| Summary of Material Terms | | ¶ |
|---|---|---|
| **Entities with an Interest in Cash Collateral** *Bankruptcy Rule 4001(b)(1)(B)(i)* | **JVK OPERATIONS LIMITED:** <br><br> **a. BNB Bank/Dime Comm.** <br> Claim Amount: $959,065.53 <br> Collateral: All Assets <br> UCC Lien Filing: 5/8/2012 <br><br> **b. Santander Bank** <br> Claim Amount: $174,999.92 <br> Collateral: All Assets <br> UCC Lien Filing: 8/2/2016 <br><br> **c. Small Business Admin.** <br> Claim Amount: $1,500,000.00 <br> Collateral: All Assets <br> UCC Lien Filing: 7/3/2020 <br><br> **JVK OPERATIONS LTD. OF NJ:** <br><br> **a. Santander Bank NA** <br> Claim Amount: $174,999.00 <br> Collateral: All Assets <br> UCC Lien Filing: 8/2/16 <br><br> **b. TD Bank NA** <br> Claim Amount: $99,218.00 <br> Collateral: All Assets <br> UCC Lien Filing: 6/4/2019 <br><br> **c. BNB Bank** <br> Claim Amount: $908,478.59 <br> Collateral: All Assets <br> UCC Lien Filing: 7/31/20 | ¶ E |
| **Purposes for Use of Cash Collateral** *Bankruptcy Rule 4001(b)(1)(B)(ii)* | To avoid immediate and irreparable harm to their business, the Debtors request access to Cash Collateral on an interim and final basis to fund the operation of their businesses in the ordinary course post-petition, as well as the administrative costs of this chapter 11 case. | ¶ G |

| | | |
|---|---|---|
| **Budget**<br>*Bankruptcy Rule 4001(b)(1)(B)(ii)* | The 13-week Budget setting forth the Debtors' projected cash receipts and disbursements on a consolidated basis for the period commencing the Petition Date, which is to be attached as <u>Exhibits 1 and 2</u> to the Interim Order.<br><br>The Debtors' use of Cash Collateral shall be limited to the Budget, subject to Permitted Variances. | ¶ 4 ,<br>EX 1 |
| **Duration of Use of Cash Collateral/ Termination Events/ Relief from Stay**<br>*Bankruptcy Rule 4001(b)(1)(B)(iii)* | The Debtors' right to use Cash Collateral pursuant to the Interim Order shall terminate (the date of any such termination, the "<u>Termination Date</u>") on the earlier to occur of any of the events set forth below (each such event, a "<u>Termination Event</u>"), subject in certain instances, to notice requirements:<br>1.      the use of Cash Collateral that is found by the Court to be material and that was used for any purpose not authorized by this Interim Order;<br>2.      the dismissal of this Chapter 11 Case, the conversion of this Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code; or<br>3.      an order of the Court is entered (other than the Final Order) reversing,<br>4.      staying, vacating, or otherwise modifying in any material respect the terms of this Interim Order. | ¶ 7 |

18.     In accordance with the disclosure requirements of Local Rule 4001-5, the Debtors submit the following concise statement of the material terms of the Interim Order:

(i)      the amount of cash collateral the party seeks permission to use or the amount of credit the party seeks to obtain, including any committed amount or the existence of a borrowing base formula and the estimated availability under such formula;
**Response:  See Budget Exhibit C hereto.**

(ii)     material conditions to closing and borrowing, including budget provisions;
**Response: The only material conditions/terms are that the Debtors are permitted to use the Cash Collateral that it receives from their receivables and in exchange,**

8

**the parties with liens on Cash Collateral will receive replacement liens for receivables earned by the Debtors post-petition. See also, Budget (Exhibit C).**

(iii)    N/A

(iv)    any effect on existing liens of the granting of collateral or adequate protection provided to the lender(s) and any priority or superpriority provisions;
**Response:   Secured Parties secured by Cash Collateral are receiving a replacement lien on accounts receivable acquired by Debtors post-petition as adequate protection of any diminishing of the value of the pre-petition Cash Collateral.   The adequate protection granted should give the Secured Parties sufficient protection because the Debtors continues to generate receivables post-petition in their business.   No other parties have a security interest in the Cash Collateral and so, they are retaining their pre-petition liens in the priority and extent that existed prior to the Petition Date.   Interim Order ¶3.**

(v)    any carve-outs from liens or superpriority claims;
**Response:  The Debtors are requesting a carve-out from the IRS' lien(s) against the Cash Collateral of $200,000 to cover the costs of the Debtors' professionals. The Interim Order provides a "Carve-Out" of certain allowed professional fees of the Debtors of up to $200,000. The reasonable fees and expenses incurred by a trustee under section 726(b) of the Bankruptcy Code are capped at $50,000. Interim Order ¶6.**

(vi)    any cross-collateralization or other provision that elevates prepetition debt to administrative expense (or higher) status or that secures prepetition debt with liens on postpetition assets (which liens the creditor would not otherwise have by virtue of the prepetition security agreement or applicable law);
**Response: Parties with a security interest in Cash Collateral are receiving a replacement lien as adequate protection.[2]  Interim Order ¶3.**

    (vii)    N/A
    (viii)    N/A
    (ix)    N/A
    (x)    N/A
    (xi)    N/A
    (xii)    N/A
    (xiii)    N/A

---

[2] It is worth noting that "[t]he United States has a potential interest in accounts receivable acquired by debtor post-petition because Section 552(a) applies only to liens arising from consensual security agreements. *In re National Fin. Alternatives, Inc.*, 96 B.R. 844, 849 (Bankr.N.D.Ill.1989). United States tax liens are entirely statutory. *Heasley*, 283 F.2d at 428; *Bank of Nevada*, 251 F.2d at 823–24. A tax lien does not arise from a security agreement. Therefore, to the extent that the IRS's tax lien is not voided under 11 U.S.C. § 506(d), it continues to attach to property obtained by a debtor after commencement of this case. *National*, 96 B.R. at 849. The filing of a bankruptcy petition, however, creates a separate estate constituting the debtor's property. 11 U.S.C. § 541. The separate estate, bankruptcy equities entitling the debtor to a fresh start, and precedence sever the interest of both creditors in post-petition accounts receivable absent traceable prepetition proceeds.

(xiv)    N/A
(xv)    N/A
(xvi)    N/A

## BASIS FOR RELIEF REQUESTED

### A. The Debtors' Use of Cash Collateral Is Necessary

19.    A Debtors' use of property of the estate, including cash collateral, is governed by section 363 of the Bankruptcy Code. Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor may use cash collateral if: "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of [section 363]." 11 U.S.C. § 363(c)(2).

20.    It is well-established that a bankruptcy court should, whenever possible, resolve issues in favor of allowing a debtor to continue their business as a going concern. Courts have recognized that "[a] debtor, attempting to reorganize a business under Chapter 11, clearly has a compelling need to use 'cash collateral' in its effort to rebuild. Without the availability of cash to meet daily operating expenses . . . the congressional policy favoring rehabilitation over economic failure would be frustrated." *Chrysler Credit Corp. v. Ruggiere (In re George Ruggiere ChryslerPlymouth, Inc.)*, 727 F.2d 1017, 1019 (11th Cir. 1984); *see also N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 528 (1984) ("The fundamental purpose of reorganization is to prevent a debtor from going into liquidation, with an attendant loss of jobs and possible misuse of economic resources.").

21.    Accordingly, courts regularly authorize the use of cash collateral to enhance or preserve the Debtors' going concern value. *See, e.g.*, *In re 495 Cent. Park Ave. Corp.*, 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992) ("[T]here is no question that the property would be improved by the proposed renovations and that an increase in value will result. In effect, a substitution occurs

in that the money spent for improvements will be transferred into value. This value will serve as adequate protection for [the creditor's] secured claim.").

22.     It is essential to the Debtors' reorganization prospects and the preservation of going concern value that it has sufficient funds to operate in the ordinary course, and at a level that is on par or as close as possible to prepetition performance. Absent the use of Cash Collateral, the Debtors will not have sufficient working capital to: (a) make payments to vendors or suppliers, (b) satisfy operating costs, and (c) fund the administrative costs of this Chapter 11 Case. The ability to satisfy these expenses when due is essential to avoid immediate and irreparable harm to the Debtors' estates. In the normal course of business, the Debtors uses cash on hand and cash flow from operations and other sources to fund working capital and capital expenditures and operate and maintain their business and property. Absent immediate access, the Debtors will not have adequate unencumbered cash on hand to pay these critical expenses.

**B. The Proposed Adequate Protection is Reasonable and Appropriate**

23.     Section 363(e) of the Bankruptcy Code further provides that "on request of an entity that has an interest in property . . . to be used, sold or leased, by the trustee, the court . . . shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Further, section 362(d)(1) of the Bankruptcy Code provides for adequate protection of interests in property due to the imposition of the automatic stay. *See* 11 U.S.C. § 362(d)(1); *see also In re Cont'l Airlines*, 91 F.3d 553, 556 (3d Cir. 1996).

24.     The Bankruptcy Code does not expressly define "adequate protection." Section 361 of the Bankruptcy Code, however, provides a non-exhaustive list of examples of adequate protection, including replacement liens and administrative priority claims. *See* 11 U.S.C. § 361. Generally, courts decide what constitutes adequate protection on a case-by-case basis. *See, e.g.,*

*Resolution Trust Corp. v. Swedeland Dev. Grp., Inc. (In re Swedeland Dev. Grp., Inc.)*, 16 F.3d 552, 564 (3d Cir. 1994) ("[A] determination of whether there is adequate protection is made on a case by case basis."); *In re Columbia Gas Sys., Inc.*, Nos. 91-803, 91-804, 1992 WL 79323, at *2 (Bankr. D. Del. Feb. 18, 1992) (emphasizing that "the varying analyses and results contained in the . . . slew of cases demonstrate that what interest is entitled to adequate protection and what constitutes adequate protection must be decided on a case-by-case basis"); *see also In re N.J. Affordable Homes Corp.*, No. 05-60442, 2006 WL 2128624, at *14 (Bankr. D.N.J. June 29, 2006) ("The term 'adequate protection' is intended to be a flexible concept."); *In re Mosello*, 195 B.R. 277, 289 (Bankr. S.D.N.Y. 1996) ("[T]he determination of adequate protection is a fact-specific inquiry . . . left to the vagaries of each case."); *In re Realty Sw. Assocs.*, 140 B.R. 360, 366 (Bankr. S.D.N.Y. 1992) ("'Adequate protection' is a question of fact because it has as its linchpin the concept of value, and therefore, is determined on a case-by-case basis.") (citation omitted); *In re Beker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986) (the application of adequate protection "is left to the vagaries of each case, but its focus is protection of the secured creditor from diminution in the value of its collateral during the reorganization process") (citation omitted).

25.     In *Swedeland*, the Third Circuit pointedly noted that the purpose of adequate protection "is to insure that the creditor receives the value for which he bargained prebankruptcy." *In re Swedeland Dev. Grp., Inc.*, 16 F.3d at 564 (quoting *In re O'Connor*, 808 F.2d 1393, 1396 (10th Cir. 1987)); *see also Shaw Indus., Inc. v. First Nat'l Bank of Pa. (In re Shaw Indus., Inc.)*, 300 B.R. 861, 865 (Bankr. W.D. Pa. 2003) ("The purpose of providing 'adequate protection' is to insure that a secured creditor receives in value essentially what he bargained for."); *Beker Indus.*, 58 B.R. at 736 (noting that the application of adequate protection "is left to the vagaries of each case, but its focus is protection of the secured creditor from diminution in the value of its collateral

during the reorganization process") (citation omitted), *rev'd on other grounds*, 89 B.R. 336 (S.D.N.Y. 1988). The Third Circuit has held that adequacy, "depends directly on how effectively it compensates the secured creditor for loss of value" caused by the priming lien granted to the new lender. *In re Swedeland Dev. Grp., Inc.*, 16 F.3d at 564 (quoting *In re Am. Mariner Inds., Inc.*, 734 F.2d 426, 432 (9th Cir. 1984)).

26.     The Debtors proposes to offer to the parties secured by Cash Collateral, as adequate protection, replacement liens on the future Cash Collateral (revenue) received as a result of work performed by the Debtors in its business.

27.     Future Cash Collateral will only be possible to attain if the Debtors are granted access to the current Cash Collateral.

28.     The Debtors requires the use of current Cash Collateral in order to keep the business operational; the Cash Collateral is needed to pay expenses that are critical to the Debtors' continued operations, including costs associated with paying for payroll, insurance, and materials.

29.     The Debtors' ability to continue to create and collect receivables by continuing operations increases future Cash Collateral.

30.     By allowing the Debtors access to current Cash Collateral, the court will enable it to continue their operations, which will, in turn, increase the Debtors' revenue and future Cash Collateral. As such, granting this Motion will act as adequate protection to the parties with a security interest in Cash Collateral, since not only will the Debtors' use of the Cash Collateral not decrease the value of their interest in the current Cash Collateral, rather, through the Debtors' ongoing sales, the value of the Cash Collateral will actually increase.  This increase in

revenue, and Cash Collateral, provides adequate protection to the parties receiving replacement liens.

31.     In summary, the Debtors' use of the current Cash Collateral will result in an increase of the future Cash Collateral on which the Debtors are granting replacement liens.   As such, adequate protection is provided.

32.     The Debtors submit that the proposed adequate protection will sufficiently protect the parties with a security interest in cash collateral from any diminution in value of the prepetition collateral during the pendency of these proceedings.

### C. The Scope of the Proposed Carve-Out Is Reasonable and Appropriate

33.     It is proposed that the Adequate Protection Obligations will be subject to the Carve-Out of $200,000 for the Debtors' professionals. Without it, the Debtors and other parties in interest may be deprived of certain rights and powers because the services for which such professionals may be paid in this Chapter 11 Cases would be restricted. *See, e.g., In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) (observing that courts insist on carve-outs for professionals representing parties in interest because "[a]bsent such protection, the collective rights and expectations of all parties-in-interest are sorely prejudiced"). Additionally, the Carve-Out protects against administrative insolvency during the course of this Chapter 11 Cases by ensuring that assets are made available for payment of the professional fees of the Debtor.

### D. Interim Relief Should Be Granted

34.     Bankruptcy Rule 4001(b) provides that a final hearing on a motion to use Cash Collateral pursuant to section 363 of the Bankruptcy Code may not be commenced earlier than 14 days after the service of such motion. Upon request, however, the court is authorized to conduct an interim expedited hearing on the motion at which it may authorize a debtor to use Cash

Collateral to the extent necessary to avoid immediate and irreparable harm to a Debtors' estates pending a final hearing. *See* FED. R. BANKR. P. 4001(b)(2). Section 363(c)(3) of the Bankruptcy Code authorizes the court to conduct a preliminary hearing and to authorize the use of Cash Collateral "if there is a reasonable likelihood that the [debtor] will prevail at the final hearing under [section 363(e) of the Bankruptcy Code]." 11 U.S.C. § 363(c)(3).

35.     Pending the Final Hearing, the Debtors requires immediate access to Cash Collateral to satisfy the day-to-day needs of the Debtors' business operations and to ensure access to professionals. Access to liquidity will address any concerns about the Debtors' financial health and ability to continue operations in light of this chapter 11 case. The Debtors have an immediate need for liquidity to, among other things, maintain business relationships with their vendors and suppliers, and satisfy other essential working capital and operational needs, all of which are required to preserve and maintain the Debtors' going concern value for the benefit of all parties in interest. In addition, the Budget establishes that the Debtors' use of Cash Collateral will not prejudice the parties with a security interest in Cash Collateral.

36.     Accordingly, pursuant to section 363(c)(3) of the Bankruptcy Code and Bankruptcy Rule 4001(b), the Debtors request an expedited hearing to consider the Motion and entry of the Interim Order authorizing the Debtors' use of Cash Collateral.

**E. Automatic Stay Should Be Modified on a Limited Basis**

37.     To the extent the relief requested herein requires, the Debtors seek a modification of the automatic stay to permit the Debtors to grant certain replacement liens to the parties referenced herein and perform such acts as may be requested to assure perfection and priority of such liens. Stay modifications of this kind are ordinary and standard features for the use of Cash Collateral, and in the Debtors' business judgment, are reasonable and fair under the circumstances.

### BANKRUPTCY RULE 4001(a)(3) SHOULD BE WAIVED

38.     The Debtors request a waiver of the stay of the effectiveness of the order approving this Motion under Bankruptcy Rule 4001(a)(3). Bankruptcy Rule 4001(a)(3) provides, "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FED. R. BANKR. P. 4001(a)(3). As explained above and in the First Day Declaration, the use of Cash Collateral is essential to prevent irreparable damage to the Debtors' operations. Accordingly, ample cause exists to justify the waiver of the fourteen-day stay imposed by Bankruptcy Rule 4001(a)(3), to the extent such stay applies.

### RESERVATION OF RIGHTS

39.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or shall be construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that, any liens (contractual, common law, statutory, or otherwise) are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of any or all such other liens.

### WAIVER OF BANKRUPTCY RULE 6004(a) and 6004(h)

40.     As provided herein, and to implement the foregoing successfully, the Debtors request that the Interim Order and the Final Order include a finding that notice of the relief

requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h), to the extent applicable.

## REQUEST FOR A FINAL HEARING

41.     Pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2), the Debtors request that the Court set a date which is no later than 25 days after the entry of the Interim Order, to hold a hearing to consider entry of the Final Order and the permanent approval of the relief requested in this motion. The Debtors also requests authority to serve a copy of the signed Interim Order, which fixes the time and date for the filing of objections, if any, to entry of the Final Order, by first class mail upon the notice parties listed below, and further request that the Court deem service thereof sufficient notice of the hearing on the Final Order under Bankruptcy Rule 4001(c)(2).

## NOTICE

42.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the Eastern District of New York; (b) the Debtors' twenty 20 largest unsecured creditors; (c) the secured creditors (the entities with an interest in the cash collateral), (d) counsel to the Debtors' secured creditors, if known; and (e) any such other party that requests notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter the Interim Order and Final Order granting the relief requested herein and provide such other relief as this Court deems appropriate under the circumstances.

Dated: March 4, 2024
      Roslyn, New York

                                        Respectfully submitted,

                                        SPENCE LAW OFFICE, P.C.

By:   *s/ Robert J. Spence*
                                      Robert J. Spence, Esq. (RS3506)
                                      55 Lumber Road, Ste 5
                                      Roslyn, New York 11576
                                      (516) 336-2060

                                      *Proposed Counsel to the Debtors and*
                                      *Debtors in Possession*

**Exhibit A**

**Proposed Interim Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                                          Chapter 11

JVK Operations Limited,                     Case No.:   24-70799 REG
Fdba C&S RE Holdings Co. LLC,

                              Debtor.

------------------------------------------------------------X
In re:

                                            Chapter 11

JVK Operations Ltd. of NJ,                 Case No.: 24-70800 REG
                           Debtor.


------------------------------------------------------------X

## INTERIM ORDER IN (A) AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION, (B) SCHEDULING A FINAL HEARING, AND  (C) GRANTING RELATED RELIEF

Upon the motion (the "<u>Motion</u>")[3] of the above-captioned debtors and debtors-in possession

(the "<u>Debtors</u>") for entry of this interim order (this "<u>Interim Order</u>") and a Final Order (as defined

herein), pursuant to sections 105, 361, 362, 363, 364, 507, and 552 of chapter 11 of title 11 of the

United States Code (the "<u>Bankruptcy Code</u>"), Rules 2002, 4001, and 9014 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2002-1(b), 4001-5 of the Local Rules

of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern

District of New York (the "<u>Local Rules</u>"), seeking, among other things:

      (a)      authorization for the Debtors to use Cash Collateral (as defined herein), and any

                 proceeds thereof;

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

(b)     authorization to grant, as of the Petition Date (as defined below), the Adequate Protection Liens (each as defined herein), to the extent of and as compensation for any Diminution in Value (as defined herein), and to perform all Adequate Protection Obligations (as defined herein);

(c)     modification by the Court of the automatic stay imposed by section 362 of the Bankruptcy Code to the extent necessary to implement and effectuate the terms and provisions of this Interim Order;

(d)     the scheduling of a final hearing (the "Final Hearing") to consider entry of the Final Order granting the relief requested in the Motion on a final basis and approving the form of notice with respect to the Final Hearing and the transactions contemplated by the Motion; and

(e)     waiver of any applicable stay and providing for the immediate effectiveness of this Interim Order.

and due and appropriate notice of the Motion and the interim hearing held before the Court (the "Interim Hearing") to consider entry of this Interim Order having been provided by the Debtor; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and upon the record made by the Debtors in the Motion, in the *Declaration of Vinod Samuel, the President of the Debtor, Pursuant to Local Rule 1007-4 and in Support of Debtors' Petition and First Day Motions* (the "First Day Declaration"), filed on March 4, 2024, and at the Interim Hearing; and the relief requested in the Motion being reasonable, appropriate and in the best interests of the Debtor, their creditors, their estates and all other parties in interest in this Chapter 11 Cases (as defined herein); and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates;

and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:[4]**

A.      *Petition Date*. On March 1, 2024 (the "<u>Petition Date</u>"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>") with this Court.

B.      *Debtors in Possession*. The Debtors continues to operate their business and manage their properties as debtor and debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in this Chapter 11 Case.

C.      *Jurisdiction and Venue.* This Court has jurisdiction over the Chapter 11 Case, the Motion and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Court may enter a final order consistent with Article III of the United States Constitution. Venue for the Chapter 11 Cases and the proceeding on the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief sought in the Motion and granted in this Interim Order are sections 105, 361, 362, 363, 364, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, and 9014, and the Local Rules.

---

[4] In accordance with Bankruptcy Rule 7052, any proposed finding of fact more properly classified as a proposed legal conclusion shall be deemed as such, and any proposed conclusion of law more properly classified as a proposed factual finding shall also be deemed as such.

D.    *Notice.* Proper, timely, adequate, and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and no other or further notice of the Motion with respect to the relief requested at the Interim Hearing or the entry of this Interim Order shall be required. The interim relief granted herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates pending a Final Hearing.

E.    *Prepetition Secured Indebtedness.* Without prejudice to the rights of any party, the secured claims to Cash Collateral are described as follows:

### JVK OPERATIONS LIMITED (Case No. 24-70799 (REG)):

**l.   BNB Bank/Dime Comm.**
Claim Amount: $959,065.53
Collateral: All Assets
UCC Lien Filing: 5/8/2012

**m.  Santander Bank**
Claim Amount: $174,999.92
Collateral: All Assets
UCC Lien Filing: 8/2/2016

**n.   Small Business Admin.**
Claim Amount: $1,500,000.00
Collateral: All Assets
UCC Lien Filing: 7/3/2020

### JVK OPERATIONS LTD. OF NJ (Case No. 24-70800 (REG)):

**d.  Santander Bank NA**
Claim Amount: $174,999.00
Collateral: All Assets
UCC Lien Filing: 8/2/16

**e.   TD Bank NA**
Claim Amount: $99,218.00
Collateral: All Assets
UCC Lien Filing: 6/4/2019

**f.   BNB Bank**

Claim Amount: $908,478.59
Collateral: All Assets
UCC Lien Filing: 7/31/20

F.      *Necessity of Relief Requested*. Good cause has been shown for the entry of this Interim Order. The Debtors have an immediate need to use Cash Collateral to, among other things, fund the orderly continuation of their business, maintain the confidence of their customers and vendors, pay operating expenses, preserve going-concern value and pay the costs of administering the Chapter 11 Case, consistent with the Budget. In the absence of the availability of such liquidity in accordance with the terms hereof, the continued operation of the Debtors' business would not be possible, and serious and irreparable harm to the Debtor, their estates and creditors would occur. The terms for the Debtors' use of Cash Collateral pursuant to this Interim Order are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, and constitute reasonably equivalent value and fair consideration. The Debtors have requested entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2) and (d). Absent granting the relief sought by this Interim Order, the Debtors' estates would be immediately and irreparably harmed. The use of Cash Collateral in accordance with this Interim Order is therefore in the best interest of the Debtors and their estate, creditors and other parties in interest.

G.      *Use of Cash Collateral*. All Cash Collateral shall only be used for: (i) working capital; (ii) other general corporate purposes of the Debtor; (iii) the satisfaction of the costs and expenses of administering the Chapter 11 Case, including, without limitation, payment of any prepetition obligations that are necessary to preserve the value of the Debtors' estates to the extent approved by the Court; and (iv) Adequate Protection Obligations, and for no other purpose, and shall only be used and/or applied in accordance with the terms and conditions of this Interim Order, including, without limitation, the Budget (subject to any Permitted Variance (as defined herein)).

H.      *Adequate Protection for Prepetition Secured Parties*.  To the extent set forth herein pursuant to sections 361, 362 and 363 of the Bankruptcy Code. Based on the Motion, the First Day Declaration, and the evidence presented at the Interim Hearing, the proposed adequate protection and the use of the Prepetition Collateral (including Cash Collateral) are fair and reasonable and reflect a prudent exercise of the Debtors' business judgment.

I.      *Need for Immediate Entry of this Interim Order*. The Debtors have requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2). The permission granted herein to use the Cash Collateral excluding the Cash Collateral in the Restricted Cash Account (and provide adequate protection therefor) is necessary, essential, and appropriate to avoid immediate and irreparable harm to the Debtor. The Court concludes that entry of this Interim Order is in the best interests of the Debtors' estates and creditors as its implementation will, among other things, allow the Debtors to preserve and maintain the value of their assets and business and enhance the Debtors' prospects for a successful reorganization.

Based upon the foregoing findings and conclusions, and upon the record made before the Court at the Interim Hearing, and good and sufficient cause appearing therefor;

**IT IS HEREBY ADJUDGED AND ORDERED** that:

1.      *Motion Granted*. The Motion is granted on an interim basis in accordance with the terms and conditions set forth in this Interim Order. Any objections to the Motion with respect to entry of this Interim Order to the extent not withdrawn, waived or otherwise resolved, and all reservations of rights included therein, are hereby denied and overruled.  This Interim Order shall become effective immediately upon its entry.

2.      *Authorization to Use Cash Collateral*. The Debtors are authorized to use Cash Collateral as set forth in this Interim Order commencing from the Petition Date through and

including (but not beyond) any Termination Date (as defined herein), subject to the terms and conditions of this Interim Order and in accordance with the 13-week cash flow forecast of cash receipts and disbursements of the Debtors for the period commencing on the Petition Date, attached as **Exhibit 1 (JVK NY)** and **Exhibit 2 (JVK NJ)** to this Interim Order (each, a "Budget" as such budget may be updated and/or modified from time to time by the Debtors).

3.      *Adequate Protection for JVK Operations Limited*. The BNB Bank/Dime Comm, Santander Bank and the Small Business Administration (the "JVK NY Secured Parties") are entitled, pursuant to sections 361, 362, 363(c)(2) and 363(e) of the Bankruptcy Code, to adequate protection of their interests in the Cash Collateral, solely to the extent of the post-petition diminution in value of such party's interest in the Cash Collateral resulting from, among other things, the use, sale or lease by the Debtors of Cash Collateral and the imposition or enforcement of the automatic stay pursuant to section 362(a) of the Bankruptcy Code (collectively, "Diminution in Value"). The JVK NY Secured Parties shall receive the following (collectively, the "Adequate Protection Obligations"):

> *Replacement Liens*. JVK NY Secured Parties are hereby granted, pursuant to sections 361 and 363(e) of the Bankruptcy Code, replacement security interests in and liens upon all of the Debtors' post-petition property (the "Adequate Protection Liens") which, but for the commencement of the Chapter 11 Case, would constitute Prepetition Collateral (the "Replacement Collateral"); *provided*, that the Adequate Protection Liens shall in each case be subject and subordinate to (i) the Carve-Out (as defined herein), (ii) any Prepetition Permitted Liens (as defined herein) that exist on, and are legal, valid, binding, enforceable, perfected, and non-avoidable, as of the Petition Date and are permitted to be senior to the Prepetition Liens (as

applicable) or applicable law, and (iii) any Prepetition Permitted Liens in existence immediately prior to the Petition Date that are legal, valid, enforceable, binding and non-avoidable, and are perfected after the Petition Date as permitted by section 546(b) of the Bankruptcy Code, and which are permitted to be senior to the Prepetition Liens pursuant to applicable law, and in each case not including the Prepetition Liens or the Adequate Protection Liens.

4.    *Adequate Protection for JVK Operations Ltd. of NJ*.    Santander Bank, TD Bank and BNB (the "JVK NJ Secured Parties") are entitled, pursuant to sections 361, 362, 363(c)(2) and 363(e) of the Bankruptcy Code, to adequate protection of their interests in the Cash Collateral, solely to the extent of the post-petition diminution in value of such party's interest in the Cash Collateral resulting from, among other things, the use, sale or lease by the Debtors of Cash Collateral and the imposition or enforcement of the automatic stay pursuant to section 362(a) of the Bankruptcy Code (collectively, "Diminution in Value"). The JVK NJ Secured Parties shall receive the following (collectively, the "Adequate Protection Obligations"):

*Replacement Liens*. JVK NJ Secured Parties are hereby granted, pursuant to sections 361 and 363(e) of the Bankruptcy Code, replacement security interests in and liens upon all of the Debtors' post-petition property (the "Adequate Protection Liens") which, but for the commencement of the Chapter 11 Case, would constitute Prepetition Collateral (the "Replacement Collateral"); *provided*, that the Adequate Protection Liens shall in each case be subject and subordinate to (i) the Carve-Out (as defined herein), (ii) any Prepetition Permitted Liens (as defined herein) that exist on, and are legal, valid, binding, enforceable, perfected, and non-avoidable, as of the Petition Date and are permitted to be senior to the Prepetition Liens (as

applicable) or applicable law, and (iii) any Prepetition Permitted Liens in existence immediately prior to the Petition Date that are legal, valid, enforceable, binding and non-avoidable, and are perfected after the Petition Date as permitted by section 546(b) of the Bankruptcy Code, and which are permitted to be senior to the Prepetition Liens pursuant to applicable law, and in each case not including the Prepetition Liens or the Adequate Protection Liens.

5.      *Budget.*    So long as no Termination Event has occurred with respect to Cash Collateral, the Debtors shall be authorized (i) to use Cash Collateral as of the Petition Date, in each case in accordance with the Budget and this Interim Order in an amount that would not cause actual cumulative disbursements to be more than twenty percent (20%) in excess of the disbursements included in the Budget for any 4 week period in the Budget (each four week period, a "Budget Period") (in each case excluding fees and expenses of the professionals and advisors of the Debtors)("Permitted Variance"), provided, however, that the Debtors may (A) carry-forward any disbursement amounts or receipt amounts that are available and unused during a Budget Period to the immediately following Budget Period and (B) may carry-backwards any amounts available to be used in one immediately subsequent Budget Period to be used in the then in effect Budget Period (which amounts will as a result not be available in such subsequent Budget Period).

6.      *Adequate Protection Lien Perfection.* This Interim Order shall be sufficient and conclusive evidence of the validity, perfection and priority of the Adequate Protection Liens without the necessity of filing or recording any financing statement, deed of trust, mortgage, or other instrument or document which may otherwise be required under the law of any jurisdiction or the taking of any other action to validate or perfect the Adequate Protection Liens or to entitle the Adequate Protection Liens to the priorities granted herein.

7.    *Carve-Out* (By Chapter 11 Case):

*a.*   As used in this Interim Order, "<u>JVK NY Carve-Out</u>" means the sum of: (i) all fees required to be paid to the Clerk of the Court; (ii) all reasonable fees and expenses up to $35,000 incurred by a trustee under section 726(b) of the Bankruptcy Code; (iii) to the extent allowed by the Court at any time, whether by interim order, procedural order, final order, or otherwise, all accrued and unpaid fees, costs, and expenses (the "<u>JVK NY Allowed Professional Fees</u>") incurred by persons or firms retained by the Debtors pursuant to sections 327, 328, 363 or 1103 of the Bankruptcy Code (collectively, the "<u>JVK NY Professionals</u>") in an aggregate amount not to exceed $125,000.00. Notwithstanding anything to the contrary in this Interim Order, or otherwise, the liens and security interests granted herein (including Adequate Protection Liens), the Prepetition Liens, and any other liens, claims or interests of any person, shall be subject and subordinate to the JVK NY Carve-Out.

*b.*   As used in this Interim Order, "JVK NY Carve-Out" means the sum of: (i) all fees required to be paid to the Clerk of the Court; (ii) all reasonable fees and expenses up to $35,000 incurred by a trustee under section 726(b) of the Bankruptcy Code; (iii) to the extent allowed by the Court at any time, whether by interim order, procedural order, final order, or otherwise, all accrued and unpaid fees, costs, and expenses (the "JVK NY Allowed Professional Fees") incurred by persons or firms retained by the Debtors pursuant to sections 327, 328, 363 or 1103 of the Bankruptcy Code (collectively, the "JVK NY Professionals") in an aggregate amount not to exceed $125,000.00. Notwithstanding anything to the contrary in this Interim Order, or otherwise, the liens and security interests granted herein (including Adequate Protection Liens), the

Prepetition Liens, and any other liens, claims or interests of any person, shall be subject and subordinate to the JVK NY Carve-Out.

8. *Termination Events*. The Debtors' right to use Cash Collateral, other than with respect to funding amounts within the Carve-Out, shall automatically terminate (the date of such termination, the "<u>Termination Date</u>"), on the earliest to occur of any of the events set forth below (each such event, a "<u>Termination Event</u>"), in each case unless waived by the JVK NY Secured Parties or the JVK NJ Secured Parties:

(a)     the use of Cash Collateral that is found by the Court to be material and that was used for any purpose not authorized by this Interim Order;

(b)     the dismissal of this Chapter 11 Case, the conversion of this Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code; or

(c)     an order of the Court is entered (other than the Final Order) reversing, staying, vacating, or otherwise modifying in any material respect the terms of this Interim Order.

9. *Miscellaneous*.

(d)     *Binding Effect*. The provisions of this Interim Order, including all findings herein, shall be binding upon all parties in interest in the Chapter 11 Case, including, without limitation, Debtors, the JVK NY Secured Parties and the JVK NJ Secured Parties, and their respective successors and assigns (including any trustee hereinafter appointed or elected for the estates of the Debtors, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of the Debtors or with respect to the property of the estate of any of the Debtor) and shall inure to the benefit of the Debtors, the JVK NY Secured Parties and the JVK NJ Secured Parties and their successors or assigns.

(e)      *Modification of Automatic Stay*. The Debtors are authorized and directed to perform all acts and to make, execute and deliver any and all instruments as may be reasonably necessary to implement the terms and conditions of this Interim Order and the transactions contemplated hereby. The automatic stay of section 362 of the Bankruptcy Code is hereby modified to permit the Debtors, the JVK NY Secured Parties and the JVK NJ Secured Parties to accomplish the transactions contemplated by this Interim Order.

(f)      *Headings*. The headings in this Interim Order are for purposes of reference only and shall not limit or otherwise affect the meaning of this Interim Order.

(g)      *Effectiveness*. This Interim Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon entry hereof, and there shall be no stay of execution of effectiveness of this Interim Order. To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be so deemed and vice versa.

(h)      *No Third Party Rights*. Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third-party, creditor, equity holder or any direct, indirect, third-party or incidental beneficiary.

(i)      *Survival of Interim Order*. The provisions of this Interim Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (i) confirming any chapter 11 plan of reorganization in the Chapter 11 Case, (ii) converting the Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code, (iii) to the extent authorized by applicable law, dismissing the Chapter 11 Case, (iv) withdrawing of the reference of  the Chapter 11 Cases from the Court, or (v) providing for abstention from handling or retaining of jurisdiction of the Chapter 11 Cases in the Court.

(j)     *Controlling Effect of Interim Order*. To the extent any provision of this Interim Order conflicts or is inconsistent with any provision of the Motion, the provisions of this Interim Order shall control to the extent of such conflict.

(k)     *Order Immediately Effective.* Notwithstanding any otherwise applicable stay, including under Bankruptcy Rules 4001 and 6004, the terms and conditions of this Interim Order are effective immediately and enforceable upon its entry.

(l)     *Debtors Authorization to Effectuate Relief*. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

(m)     *Exclusive Jurisdiction*. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

10.     *Reservation of Rights*. Notwithstanding anything herein to the contrary, the entry of this Interim Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly: the Debtors' or the secured parties' rights under the Bankruptcy Code  or under non-bankruptcy law, or any other rights, claims or privileges (whether legal, equitable or otherwise). Nothing in this Interim Order shall be construed as or deemed to constitute the consent of the Prepetition Lenders to the use, sale or lease of the prepetition collateral, including the Cash Collateral, on any terms other than as expressly provided herein.  Nothing herein shall be construed to impair the right or ability of any party to object to the fees, expenses, reimbursement or other compensation described with respect to the Carve-Out provisions.

11.     *Final Hearing*. The final hearing (the "<u>Final Hearing</u>") on the Motion shall be held on _____, 2024 at __:__ _.m., prevailing Eastern Time. The Debtors shall, on or before

_____, 2024, mail copies of a notice of the entry of this Interim Order, together with a copy of this Interim Order and a copy of the Motion, to the parties having been given notice of the Interim Hearing, and to any party that has filed prior to such date a request for notices with this Court. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2024, and shall be served on: (i) proposed counsel to the Debtor, Spence Law Office, P.C., Attn: Robert Spence, Esq., 55 Lumber Road, Ste 5, Roslyn, New York 11576 (rspence@spencelawpc.com); and (ii) the Office of the U.S. Trustee, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn:  William J. Birmingham, Esq. (william.birmingham@usdoj.gov).

**EXHIBIT 1**

**BUDGET – JVK NY**

**EXHIBIT 2**

**BUDGET – JVK NJ**

EXHIBIT B



**Report Date:** February 27, 2024
Suzanne Ng
STEWART TITLE INSURANCE COMPANY
**Client Reference:** NY11921
**Order #:** 2274092

| DEBTOR | STATE | FILING OFFICE | SERVICES | THRU DATE | RESULTS | COPIES | COMMENTS |
|---|---|---|---|---|---|---|---|
| JVK OPERATIONS LIMITED | NY | Department of State | State Tax Lien Search | 2/26/2024 | No Records Found | 0 | |
| JVK OPERATIONS LIMITED | NY | Department of State | UCC & Federal Tax Lien Search | 2/15/2024 | 15 Financing Statements 1 UCC-3 Termination 5 UCC-3 Continuations No Federal Tax Liens | 21 | |
| JVK OPERATIONS LIMITED | NY | Suffolk County Clerk | UCC Fixture, Federal Tax Lien, State Tax Lien & Judgment Lien Searches | 2/6/2024 | No Records Found | 0 | |
| JVK OPERATIONS LIMITED | NY | Suffolk County Supreme & County Court | Judgment Search | 2/6/2024 | No Records Found | 0 | |
| JVK OPERATIONS LIMITED | NY | U.S. District Court - Eastern District of New York | Pending Suit and Judgment - Federal | 2/26/2024 | 1 Pending Suit No Judgments | 25 | |
| JVK OPERATIONS LTD OF NJ | NJ | Division of Revenue and Enterprise Services | UCC Search | 2/21/2024 | 4 Financing Statements 2 UCC-3 Continuations | 9 | |
| JVK OPERATIONS LTD OF NJ | NJ | Superior Court Central Index | Judgment Search | 2/19/2024 | No Records Found | 0 | |
| JVK OPERATIONS LTD OF NJ | NJ | Superior Court Central Index | State Tax Lien & Judgment Lien Searches | 2/19/2024 | No Records Found | 0 | |
| JVK OPERATIONS LTD OF NJ | NJ | Gloucester County Clerk | UCC Fixture, Federal Tax Lien, State Tax Lien & Judgment Lien Searches | 2/14/2024 | No Records Found | 0 | |
| JVK OPERATIONS LTD OF NJ | NJ | U.S. District Court - District of New Jersey | Judgment Search | 2/26/2024 | No Records Found | 0 | |

Reasonable care is exercised in the completion of service requests. Please confirm the accuracy of the name(s) noted above. The categorization of filings is provided for your convenience and should not be relied upon as legal service. Cogency Global Inc. ("We") assumes no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, accuracy, completeness, legal effect or priority of any matter shown herein. We make no representation, warranty or guarantee as to the information contained in public records. This report reflects information we received from public records in response to your request. Responsibility for the accuracy and completeness of any public record rests with the filing officer.



122 E. 42nd St.
18th Fl.
New York, NY 10168
P: 800-221-0102
F: 800-944-6607

**cogencyglobal.com**

2/27/2024

Suzanne Ng
STEWART TITLE INSURANCE COMPANY

Reference:  NY11921

---

We have conducted State Tax Lien Search regarding the following:

**Debtor**: JVK OPERATIONS LIMITED

**Filing Office**: Department of State, NY

**Thru Date**: 2/26/2024

**Results**: No Records Found

**Total Copies**: 0

Prepared by:  mcruz        Email:  mcruz@cogencyglobal.com

Reasonable care is exercised in the completion of service requests. Please confirm the accuracy of the name(s) noted above. The categorization of filings is provided for your convenience and should not be relied upon as legal service. Cogency Global Inc. ("We") assumes no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, accuracy, completeness, legal effect or priority of any matter shown herein. We make no representation, warranty or guarantee as to the information contained in public records. This report reflects information we received from public records in response to your request. Responsibility for the accuracy and completeness of any public record rests with the filing officer.



122 E. 42nd St.
18th Fl.
New York, NY 10168
P: 800-221-0102
F: 800-944-6607

**cogencyglobal.com**

2/27/2024

Suzanne Ng
STEWART TITLE INSURANCE COMPANY

Reference:  NY11921

_____

We have conducted UCC & Federal Tax Lien Search regarding the following:

**Debtor**: JVK OPERATIONS LIMITED

**Filing Office**: Department of State, NY

**Thru Date**: 2/15/2024

**Results**: 15 Financing Statements
            1 UCC-3 Termination
            5 UCC-3 Continuations
            No Federal Tax Liens

**Total Copies**: 21

Prepared by:  mcruz      Email:  mcruz@cogencyglobal.com

Reasonable care is exercised in the completion of service requests. Please confirm the accuracy of the name(s) noted above. The categorization of filings is provided for your convenience and should not be relied upon as legal service. Cogency Global Inc. ("We") assumes no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, accuracy, completeness, legal effect or priority of any matter shown herein. We make no representation, warranty or guarantee as to the information contained in public records. This report reflects information we received from public records in response to your request. Responsibility for the accuracy and completeness of any public record rests with the filing officer.

**0726114**        **2022 Feb 15 AM07:30**

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Lien Solutions 800-331-3282

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071, USA
uccfilingreturn@wolterskluwer.com
(Fax)818-662-4141

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 201205088161912 Filedate: 08-MAY-12 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☒ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. ☐ DELETE name: Give record name to be deleted in item 6a or 6b. ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment).  If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME  **COMMUNITY NATIONAL BANK** | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA  NY-0-84896586-63166434- DEBTOR: JVK OPERATIONS LIMITED

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

**Filing Number-202202155260678**

**0815140**    **2021 Jul 20 PM01:08**

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
CSC 800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

```
CSC
801 Adlai Stevenson Dr
Springfield, IL 62703, USA
NYfilings@cscinfo.com
(Fax)800-345-6059
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 201305105512771 Filedate: 10-MAY-13 | 1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

2. ☒ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

6a. ORGANIZATION'S NAME  JVK OPERATIONS LIMITED

OR

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

7a. ORGANIZATION'S NAME

OR

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

9a. ORGANIZATION'S NAME  PEOPLE'S UNITED BANK, NATIONAL ASSOCIATION

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA DEBTOR:JVK OPERATIONS LIMITED [214678034]

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

## Filing Number-202107206148620

**792898**    **2016 Aug 02 PM05:06**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
   CSC 800-858-5294

B. SEND ACKNOWLEDGMENT TO:  (Name and Address)

   CSC
   801 Adlai Stevenson Dr
   Springfield, IL 62703, USA
   NYfilings@cscinfo.com
   (Fax)800-345-6059

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | JVK OPERATIONS LIMITED | | | |
|---|---|---|---|---|

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS 130 New Highway | CITY Amityville | STATE NY | POSTAL CODE 11701-1117 | COUNTRY USA |
|---|---|---|---|---|

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION NOType | 1f. JURISDICTION OF ORGANIZATION NY | 1g. ORGANIZATIONAL ID #, if any None | X NONE |
|---|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | NONE |
|---|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME Santander Bank, N.A. | | | | |
|---|---|---|---|---|

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS 450 Penn Street | CITY Reading | STATE PA | POSTAL CODE 19602 | COUNTRY USA |
|---|---|---|---|---|

4. This FINANCING STATEMENT covers the following collateral:
**All Assets**

5. ALTERNATIVE DESIGNATION [if applicable]:  LESSEE/LESSOR   CONSIGNEE/CONSIGNOR   BAILEE/BAILOR   SELLER/BUYER   AG. LIEN   NON-UCC FILING

6.  This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable]   7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) [optional]   All Debtors   Debtor 1   Debtor 2

8. OPTIONAL FILER REFERENCE DATA 8929 [119540136]

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**Filing Number-201608025926507**

**749721**        **2018 Apr 24 PM03:53**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
CSC 800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CSC
801 Adlai Stevenson Dr
Springfield, IL 62703, USA
NYfilings@cscinfo.com
(Fax)800-345-6059

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME **JVK OPERATIONS LIMITED**

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS **130 NEW HIGHWAY** | CITY **AMITYVILLE** | STATE **NY** | POSTAL CODE **11701** | COUNTRY **USA** |
|---|---|---|---|---|

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION **GeneralPartnership** | 1f. JURISDICTION OF ORGANIZATION **NY** | X NONE |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | NONE |
|---|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME **CORPORATION SERVICE COMPANY, AS REPRESENTATIVE**

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS **P.O. BOX 2576** | CITY **SPRINGFIELD** | STATE **IL** | POSTAL CODE **62708** | COUNTRY **USA** |
|---|---|---|---|---|

4. This FINANCING STATEMENT covers the following collateral:
ALL ACCOUNTS, CHATTEL PAPER, DOCUMENTS, INSTRUMENTS, GENERAL INTANGIBLES, PAYMENT INTANGIBLES, GOODS, INVENTORY, INVESTMENT PROPERTY, RENTS, INCOME, SECURITIES, FIXTURES AND OTHER PROPERTY, NOW EXISTING OR HEREAFTER ARISING, AND ANY AND ALL PROCEEDS OF THE FOREGOING, INCLUDING, WITHOUT LIMITATION, INSURANCE PROCEEDS. ALL MACHINERY AND EQUIPMENT, WHETHER NOW OWNED OR HEREAFTER ACQUIRED, TOGETHER WITH ALL REPLACEMENTS, PARTS, REPAIRS, ADDITIONS, ACCESSIONS AND ACCESSORIES INCORPORATED THEREIN OR AFFIXED THERETO AND ANY AND ALL PROCEEDS OF THE FOREGOING, INCLUDING, WITHOUT LIMITATION, INSURANCE PROCEEDS.

THE SECURED PARTY NAMED IN THIS RECORD IS ACTING IN A REPRESENTATIVE CAPACITY FOR PURPOSES OF FORWARDING NOTICES & INQUIRIES REGARDING THIS RECORD. FOR MORE INFORMATION, PLEASE CONTACT THE SECURED PARTY AT THE ADDRESS LISTED ABOVE OR AT UCCSPREP@CSCINFO.COM.

See Below additional collateral description, if applicable:

Collateral includes but is not limited to processing and machinery FF&E

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA **1414866 [145738184]**

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

## Filing Number-201804245495744

**856916**      **2020 Jul 03 PM06:11**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
CSC 800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

┌─
CSC
801 Adlai Stevenson Dr
Springfield, IL 62703, USA
NYfilings@cscinfo.com
(Fax)800-345-6059
─┘

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | JVK OPERATIONS LIMITED | | | |
|---|---|---|---|---|

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS 130 NEW HWY | CITY AMITYVILLE | STATE NY | POSTAL CODE 11701 | COUNTRY USA |
|---|---|---|---|---|

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION NOType | 1f. JURISDICTION OF ORGANIZATION NY | [X] NONE |
|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any [ ] NONE |
|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | U.S. Small Business Administration | | | |
|---|---|---|---|---|

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS 2 North Street, Suite 320 | CITY Birmingham | STATE AL | POSTAL CODE 35203 | COUNTRY USA |
|---|---|---|---|---|

4. This FINANCING STATEMENT covers the following collateral:
All tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) instruments, including promissory notes (d) chattel paper, including tangible chattel paper and electronic chattel paper, (e) documents, (f) letter of credit rights, (g) accounts, including health-care insurance receivables and credit card receivables, (h) deposit accounts, (i) commercial tort claims, (j) general intangibles, including payment intangibles and software and (k) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. The security interest Borrower grants includes all accessions, attachments, accessories, parts, supplies and replacements for the Collateral, all products, proceeds and collections thereof and all records and data relating thereto.

273154 8002

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. [ ] This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA 190679318 | | | | | | |

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

## Filing Number-202007036562543

**0885981**     **2021 Nov 17 PM04:44**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
**CSC 800-858-5294**

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

**CSC**
**801 Adlai Stevenson Dr**
**Springfield, IL 62703, USA**
**NYfilings@cscinfo.com**
**(Fax)800-345-6059**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME **JVK OPERATIONS LIMITED** | | | |
|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 1c. MAILING ADDRESS **130 NEW HIGHWAY** | CITY **AMITYVILLE** | STATE **NY** / POSTAL CODE **11701** | COUNTRY **USA** |

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION **GeneralPartnership** | 1f. JURISDICTION OF ORGANIZATION **NY** | X NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME **CORPORATION SERVICE COMPANY, AS REPRESENTATIVE** | | | |
|---|---|---|---|
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS **P.O. BOX 2576** | CITY **SPRINGFIELD** | STATE **IL** / POSTAL CODE **62708** | COUNTRY **USA** |

4. This FINANCING STATEMENT covers the following collateral:
**ALL ACCOUNTS, CHATTEL PAPER, DOCUMENTS, INSTRUMENTS, GENERAL INTANGIBLES, PAYMENT INTANGIBLES, GOODS, INVENTORY, INVESTMENT PROPERTY, RENTS, INCOME, SECURITIES, FIXTURES AND OTHER PROPERTY, NOW EXISTING OR HEREAFTER ARISING, AND ANY AND ALL PROCEEDS OF THE FOREGOING, INCLUDING, WITHOUT LIMITATION, INSURANCE PROCEEDS. ALL MACHINERY AND EQUIPMENT, WHETHER NOW OWNED OR HEREAFTER ACQUIRED, TOGETHER WITH ALL REPLACEMENTS, PARTS, REPAIRS, ADDITIONS, ACCESSIONS AND ACCESSORIES INCORPORATED THEREIN OR AFFIXED THERETO AND ANY AND ALL PROCEEDS OF THE FOREGOING, INCLUDING, WITHOUT LIMITATION, INSURANCE PROCEEDS.**

**THE SECURED PARTY NAMED IN THIS RECORD IS ACTING IN A REPRESENTATIVE CAPACITY FOR PURPOSES OF FORWARDING NOTICES & INQUIRIES REGARDING THIS RECORD. FOR MORE INFORMATION, PLEASE CONTACT THE SECURED PARTY AT THE ADDRESS LISTED ABOVE OR AT UCCSPREP@CSCINFO.COM.**

See Below additional collateral description, if applicable:
(1) Lavatec Two Tier Elevator Short
(8) Teflon Coated Drums (1) Conveyor and controls together with all replacements, parts, repairs, additions, accessions and accessories incorporated therein or affixed thereto and any and all proceeds of the foregoing, including, without limitation, insurance proceeds

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA **1683927 [221976529]** | | | | | | |

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

## Filing Number-202111176854136

**0886430**     **2021 Nov 18 AM11:21**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Lien Solutions 800-331-3282

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071, USA
uccfilingreturn@wolterskluwer.com
(Fax)818-662-4141

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | JVK OPERATIONS LIMITED | | | | |
|---|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS 130 NEW HWY | | CITY AMITYVILLE | STATE NY | POSTAL CODE 11701 | COUNTRY USA |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Limited Liability Company | 1f. JURISDICTION OF ORGANIZATION NY | | NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | C T Corporation System, as representative | | | | |
|---|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS 330 N Brand Blvd, Suite 700, Attn: SPRS | | CITY Glendale | STATE CA | POSTAL CODE 91203 | COUNTRY USA |

4. This FINANCING STATEMENT covers the following collateral:
The equipment, inventory, and personal property related thereto financed under, covered by or described in the lease, rental, equipment finance agreement or installment payment agreement designated as Agreement No. 2620479 (collectively, "Collateral"), together with all replacements for, additions to, substitutions for and accessions to the Collateral and all proceeds of any of the foregoing, including, without limitation, proceeds of insurance. A more detailed description of the Collateral is maintained by secured party/lessor in its books and records and may be made available upon request to the secured party/lessor.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA NY-0-83525741-62609758

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

## Filing Number-202111186858629

**0886464**        **2021 Nov 18 AM11:43**

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
CSC 800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CSC
801 Adlai Stevenson Dr
Springfield, IL 62703, USA
NYfilings@cscinfo.com
(Fax)800-345-6059

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | JVK OPERATIONS LIMITED | | | |
|---|---|---|---|---|
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 1c. MAILING ADDRESS 130 NEW HIGHWAY | CITY AMITYVILLE | STATE NY | POSTAL CODE 11701 | COUNTRY USA |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corporation | 1f. JURISDICTION OF ORGANIZATION NY | X NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | Navitas Credit Corp. | | | |
|---|---|---|---|---|
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS 201 Executive Center Dr Ste100 | CITY Columbia | STATE SC | POSTAL CODE 29210 | COUNTRY USA |

4. This FINANCING STATEMENT covers the following collateral:
(1) LAVATEC DHFB-10-18 TWO TIERED SHUTTLE, (2) LAVATEC TT748GU GAS DRYERS (Equipment) together with any and all replacements, replacement parts, Accessions and attachments now or hereafter made a part of any of the Equipment and all Proceeds thereof. As used herein, "Accessions" and "Proceeds" shall have the meaning as set forth in the Uniform Commercial Code as presently adopted in the jurisdiction hereof.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA 222012257

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

## Filing Number-202111186858958

**0886487**    **2021 Nov 18 PM12:07**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Lien Solutions 800-331-3282

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071, USA
uccfilingreturn@wolterskluwer.com
(Fax)818-662-4141

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | JVK OPERATIONS LIMITED | | | |
|---|---|---|---|---|

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS 130 NEW HWY | CITY AMITYVILLE | STATE NY | POSTAL CODE 11701 | COUNTRY USA |
|---|---|---|---|---|

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Limited Liability Company | 1f. JURISDICTION OF ORGANIZATION NY | | NONE |
|---|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | NONE |
|---|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME  C T Corporation System, as representative | | | | |
|---|---|---|---|---|

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS 330 N Brand Blvd, Suite 700, Attn: SPRS | CITY Glendale | STATE CA | POSTAL CODE 91203 | COUNTRY USA |
|---|---|---|---|---|

4. This FINANCING STATEMENT covers the following collateral:
The equipment, inventory, and personal property related thereto financed under, covered by or described in the lease, rental, equipment finance agreement or installment payment agreement designated as Agreement No. 2620783 (collectively, "Collateral"), together with all replacements for, additions to, substitutions for and accessions to the Collateral and all proceeds of any of the foregoing, including, without limitation, proceeds of insurance. A more detailed description of the Collateral is maintained by secured party/lessor in its books and records and may be made available upon request to the secured party/lessor.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. | This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA  NY-0-83527481-62610409

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

## Filing Number-202111186859188

**0889289**    **2021 Nov 24 AM09:45**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Lien Solutions 800-331-3282

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071, USA
uccfilingreturn@wolterskluwer.com
(Fax)818-662-4141

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | JVK OPERATIONS LIMITED | | | |
|---|---|---|---|---|

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS 130 NEW HIGHWAY | CITY Amityville | STATE NY | POSTAL CODE 11701 | COUNTRY USA |
|---|---|---|---|---|

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corporation | 1f. JURISDICTION OF ORGANIZATION NY | | NONE |
|---|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | | NONE |
|---|---|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | Vendor Services Center | | | |
|---|---|---|---|---|

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS 330 N Brand Blvd, Suite 700; Attn: SPRS | CITY Glendale | STATE CA | POSTAL CODE 91203 | COUNTRY USA |
|---|---|---|---|---|

4. This FINANCING STATEMENT covers the following collateral:
All equipment subject to that certain Agreement Number LA# L370557-000 dated 11/15/21, between Secured Party as Lessor/Creditor and Debtor as Lessee/Debtor, and subject to any and all existing and future schedules entered into pursuant to and incorporating said Agreement, together with all accessories, parts, attachments and appurtenances appertaining or attached to any of the Equipment, and all substitutions, trade-ins, proceeds, renewals and replacements of, and improvements and accessions to the Equipment. LA# L370557-000

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. | This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA NY-0-83613514-62643135

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**Filing Number-202111246886811**

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

Name: Wolters Kluwer Lien Solutions Phone: 800-331-3282 Fax: 818-662-4141

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071

83622351

NYNY

File with: Secretary of State, NY

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| JVK Operations Limited | | | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 130 New Highway | Amityville | NY | 11701 | USA |

| 1d. **SEE INSTRUCTIONS** | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | | |
|---|---|---|---|---|---|
| | | CORPORATION | NY | | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. **SEE INSTRUCTIONS** | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| C T CORPORATION SYSTEM, AS REPRESENTATIVE | | | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 330 N Brand Blvd, Suite 700; Attn: SPRS | Glendale | CA | 91203 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

This filing covers the following properties, assets and rights of Debtor, whether now owned or hereafter acquired (collectively the "Collateral"): (a) all personal property described below or on any exhibit attached hereto, which exhibit is incorporated by reference herein ("Specified Items"); (b) any and all additions, replacements, parts, or accessories to the Specified Items; (c) any rental, chattel paper, accounts, security deposits, relating to the Specified Items or the Agreement; and (d) all proceeds of any and all of the foregoing. In the event serial numbers, vehicle identification numbers or similar information is included below, on an exhibit attached hereto or otherwise in the description of Collateral, such information has been added by Secured Party to the best of its information in an effort to avoid confusion but is not intended to, and shall not, limit the above description of Collateral.

Collateral Equipment Exhibit attached

**5. ALTERNATIVE DESIGNATION [if applicable]:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable]   **7.**Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional]   ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8.**OPTIONAL FILER REFERENCE DATA

83622351

**FILING NUMBER: 202111290452436**

Prepared by Lien Solutions, P.O. Box 29071, Glendale, CA 91209-9071 Tel (800) 331-3282

FILING OFFICE COPY - NATIONAL UCC FINANCIN

## EFA Schedule "A"

Contract #:

| Quantity | EQUIPMENT | |
|---|---|---|
| | Equipment Description | Serial # |
| 2 | Lavatec Double Elevators (tall) | |
| 1 | Lavatec TT748GU gas dryers | |
| 4 | Lavatec Drums/removal panels | |
| 6 | Lavatec extra sets removable | |
| | | |

**0903166**     **2021 Dec 17 PM10:57**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
   Lien Solutions 800-331-3282

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

   Lien Solutions
   P.O. Box 29071
   Glendale, CA 91209-9071, USA
   uccfilingreturn@wolterskluwer.com
   (Fax)818-662-4141

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME  JVK Operations Limited | | | |
|---|---|---|---|

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS 130 New Hwy | CITY Amityville | STATE NY | POSTAL CODE 11701 | COUNTRY USA |
|---|---|---|---|---|

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corporation | 1f. JURISDICTION OF ORGANIZATION NY | | NONE |
|---|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | NONE |
|---|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME  C T Corporation System, as representative | | | |
|---|---|---|---|

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS 330 N Brand Blvd, Suite 700; Attn: SPRS | CITY Glendale | STATE CA | POSTAL CODE 91203 | COUNTRY USA |
|---|---|---|---|---|

4. This FINANCING STATEMENT covers the following collateral:
(1) Lavatec HZBT10-200-31 Two Tier Elevator Short
(1) Lavatec Controls
(6) Lavatec Teflon Drum Seals
(6) Makeup Air Adapters

5. ALTERNATIVE DESIGNATION [if applicable]:  LESSEE/LESSOR   CONSIGNEE/CONSIGNOR   BAILEE/BAILOR   SELLER/BUYER   AG. LIEN   NON-UCC FILING

6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable]   7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional]   All Debtors   Debtor 1   Debtor 2

8. OPTIONAL FILER REFERENCE DATA NY-0-83992621-62798003

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**Filing Number-202112177024926**

**0907435**       **2021 Dec 27 PM04:04**

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
CSC 800-858-5294

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CSC
801 Adlai Stevenson Dr
Springfield, IL 62703, USA
NYfilings@cscinfo.com
(Fax)800-345-6059

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | JVK Operations Limited | | | |
|---|---|---|---|---|

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS 130 New Hwy | CITY Amityville | STATE NY | POSTAL CODE 11701-1117 | COUNTRY USA |
|---|---|---|---|---|

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION Corporation | 1f. JURISDICTION OF ORGANIZATION NY | | X NONE |
|---|---|---|---|---|---|

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | NONE |
|---|---|---|---|---|---|

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE | | | |
|---|---|---|---|---|

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS PO BOX 2576 UCCSPREP@cscinfo.com | CITY Springfield | STATE IL | POSTAL CODE 62708 | COUNTRY USA |
|---|---|---|---|---|

4. This FINANCING STATEMENT covers the following collateral:
(1) Two Tier Elevator Short
(6) Teflon Drum Seals
(6) Make Up Air Adapters

The equipment financed under Contract #1055360 listed above, whether now owned or hereafter acquired, together with all personal property installed in, affixed to or used in connection therewith and all present or future: (i) additions, accessories, accessions, attachments, parts, supplies, related software, intellectual property, rights, licenses and improvements thereto; (ii) substitutions, renewals, replacements and purchase options thereof; (iii) insurance, warranty, and other third-party claims; (iv) Debtor's rights in connection with a third-party's use of such equipment under a sublease, rental or similar agreement; (v) proceeds and product in any form (including but not limited to insurance and sale proceeds) of each of the foregoing, whether it be cash, non-cash or in any other form; and (vi) to the extent the equipment identified herein is construed as or deemed inventory, that inventory and all accounts, accounts receivable, cash proceeds and all other proceeds related thereto or derived therefrom.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA 224078150

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**Filing Number-202112277067511**



122 E. 42nd St.
18th Fl.
New York, NY 10168
P: 800-221-0102
F: 800-944-6607

**cogencyglobal.com**

2/27/2024

Suzanne Ng
STEWART TITLE INSURANCE COMPANY

Reference:  NY11921

_____

We have conducted UCC Search regarding the following:

**Debtor**: JVK OPERATIONS LTD OF NJ

**Filing Office**: Division of Revenue and Enterprise Services, NJ

**Thru Date**: 2/21/2024

**Results**: 4 Financing Statements
2 UCC-3 Continuations

**Total Copies**: 9

Prepared by:  mcruz     Email:  mcruz@cogencyglobal.com

Reasonable care is exercised in the completion of service requests. Please confirm the accuracy of the name(s) noted above. The categorization of filings is provided for your convenience and should not be relied upon as legal service. Cogency Global Inc. ("We") assumes no liability with respect to the identity of any party named or referred to in this report, nor with respect to the validity, accuracy, completeness, legal effect or priority of any matter shown herein. We make no representation, warranty or guarantee as to the information contained in public records. This report reflects information we received from public records in response to your request. Responsibility for the accuracy and completeness of any public record rests with the filing officer.

DEPARTMENT OF THE TREASURY
DIVISION OF REVENUE

2/21/2024   UNIFORM COMMERCIAL CODE SECTION      PAGE 001
PO BOX 303
TRENTON, NJ 08646

SEARCH CERTIFICATE #   50317894
SEARCH CRITERIA:  JVK OPERATIONS LTD OF NJ


** DEBTOR **       6651831

JVK OPERATIONS LTD. OF NJ
521 ROUTE 168 SOUTH
TURNERSVILLE, NJ 08012


Secured Party:      TD BANK, NATIONAL ASSOCIATION
1701 ROUTE 70 EAST
CHERRY HILL, NJ 08034

Filing Number:     53415363
Filing Date:      06/04/2019
Maturity Date:     06/04/2024
Filing History:  06/04/2019     UCC1

** DEBTOR **       5922921

JVK OPERATIONS LTD. OF NJ
130 NEW HIGHWAY
AMITYVILLE, NY 11701-1117


Secured Party:      SANTANDER BANK, N.A.
450 PENN STREET
READING, PA 19602

Filing Number:     51800491
Filing Date:      08/02/2016
Maturity Date:     08/02/2026
Filing History:  08/02/2016     UCC1
            04/22/2021     UCC3          Continuation

** DEBTOR **       6651851

JVK OPERATIONS LTD. OF NJ
521 ROUTE 168 SOUTH
TURNERSVILLE, NJ 08012


Secured Party:      TD BANK, NATIONAL ASSOCIATION
1701 ROUTE 70 EAST
CHERRY HILL, NJ 08034

Filing Number:     53415370
Filing Date:      06/04/2019
Maturity Date:     06/04/2029
Filing History:  06/04/2019     UCC1
            01/12/2024     UCC3          Continuation

** DEBTOR **      6980595

JVK OPERATIONS LTD. OF NJ
130 NEW HIGHWAY
NORTH AMITYVILLE, NY 11701

DEPARTMENT OF THE TREASURY
DIVISION OF REVENUE

2/21/2024    UNIFORM COMMERCIAL CODE SECTION       PAGE 002
PO BOX 303
TRENTON, NJ 08646


SEARCH CERTIFICATE #    50317894
SEARCH CRITERIA:  JVK OPERATIONS LTD OF NJ


Secured Party:        BNB BANK
                      898 VETERANS MEMORIAL HIGHWAY
                      SUITE 560
                      HAUPPAUGE, NY 11788
Filing Number:        54590571
Filing Date:          07/31/2020
Maturity Date:        07/31/2025
Filing History:  07/31/2020        UCC1


THE UNDERSIGNED FILING OFFICER HEREBY CERTIFIES THAT THE ABOVE LISTING IS A RECORD OF
ALL PRESENTLY EFFECTIVE FINANCING STATEMENTS WHICH NAME THE ABOVE DEBTOR AND WHICH ARE
ON FILE IN MY OFFICE AS OF 2/21/2024. THIS CERTIFICATE ISSUED ON 2/23/2024 3:47:46 PM.



Elizabeth Maher Muoio
State Treasurer

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Lien Solutions                    8003313282

B. E-MAIL CONTACT AT FILER (optional)
uccfilingreturn@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071
US

State of New Jersey
Department of the Treasury
Division of Revenue & Enterprise Services
UCC Section
Filed

Filing Number:53415363

06/04/19 11:21:37

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| JVK OPERATIONS LTD. OF NJ | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS 521 ROUTE 168 SOUTH | CITY TURNERSVILLE | STATE NJ | POSTAL CODE 08012 | COUNTRY US |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| TD BANK, NATIONAL ASSOCIATION | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS 1701 Route 70 East | CITY Cherry Hill | STATE NJ | POSTAL CODE 08034 | COUNTRY US |

4. COLLATERAL: This financing statement covers the following collateral:
All inventory, equipment, accounts (including but not limited to all health-care-insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles); all oil, gas and other minerals before extraction; all oil, gas, other minerals and accounts constituting as-extracted collateral; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and embedded software relating to the foregoing property, and all equipment, inventory and software to utilize, create, maintain and process any such records and data on electronic media; an all supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any

See attachment.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)   ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable):   ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
70202715

UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Collateral Description        Filing Number:53415363

rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property.    The collateral is within the scope of the New Jersey Uniform Commercial Code, pursuant to 12A:9-102 and 12A:9-109.

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Corporation Service Company                    8008585294

**B. E-MAIL CONTACT AT FILER (optional)**
filingdept@cscinfo.com

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703
US

State of New Jersey
Department of the Treasury
Division of Revenue & Enterprise Services
UCC Section
Filed

Filing Number:51800491

08/02/16 16:20:16

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. **DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| JVK Operations Ltd. Of NJ | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 130 New Highway | Amityville | NY | 11701-1117 | US |

2. **DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):  Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Santander Bank, N.A. | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 450 Penn Street | Reading | PA | 19602 | US |

4. **COLLATERAL:** This financing statement covers the following collateral:
All Assets

"The collateral is within the scope of New Jersey Statutes Annotated Title 12A, Subtitle 1, Chapter 9 Secured Transactions, pursuant to sections 12A:9-102 and 12A:9-109 thereof."

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

| 6a. Check only if applicable and check only one box: | | | 6b. Check only if applicable and check only one box: | |
|---|---|---|---|---|
| ☐ Public-Finance Transaction | ☐ Manufactured-Home Transaction | ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien | ☐ Non-UCC Filing |

7. **ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. **OPTIONAL FILER REFERENCE DATA:**
8929

UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
CSC                                                    8008585294

**B. E-MAIL CONTACT AT FILER (optional)**
NJSOSUCCFilingsV3@cscglobal.com

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

CSC
801 Adlai Stevenson Drive
Springfield, IL 62703
US

State of New Jersey
Department of the Treasury
Division of Revenue & Enterprise Services
UCC Section
Filed

Filing Number:51800491

04/22/21 14:11:29

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**1a. INITIAL FINANCING STATEMENT FILE NUMBER**
51800491

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☒ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:                    **AND** Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record        ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c     ☐ ADD name: Complete item 7a or 7b, and item 7c     ☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| | | | |
|---|---|---|---|
| **6a. ORGANIZATION'S NAME** | | | |
| OR **6b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| | | | |
|---|---|---|---|
| **7a. ORGANIZATION'S NAME** | | | |
| OR **7b. INDIVIDUAL'S SURNAME** | | | |
| **INDIVIDUAL'S FIRST PERSONAL NAME** | | | |
| **INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)** | | | SUFFIX |

| **7c. MAILING ADDRESS** | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**8.** ☐ **COLLATERAL CHANGE:** Also check one of these four boxes:  ☐ ADD collateral   ☐ DELETE collateral   ☐ RESTATE covered collateral   ☐ ASSIGN collateral
Indicate collateral:

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| **9a. ORGANIZATION'S NAME** | | | |
|---|---|---|---|
| Santander Bank, N.A. | | | |
| OR **9b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA:**
8929 Debtor:JVK Operations Ltd. Of NJ 2099 27297

UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Lien Solutions                          8003313282

B. E-MAIL CONTACT AT FILER (optional)
uccfilingreturn@wolterskluwer.com

C. SEND ACKNOWLEDGMENT TO:    (Name and Address)

Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071
US

State of New Jersey
Department of the Treasury
Division of Revenue & Enterprise Services
UCC Section
Filed

Filing Number:53415370

06/04/19 11:30:05

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| JVK OPERATIONS LTD. OF NJ | | | |

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 521 ROUTE 168 SOUTH | TURNERSVILLE | NJ | 08012 | US |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| TD BANK, NATIONAL ASSOCIATION | | | |

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1701 Route 70 East | Cherry Hill | NJ | 08034 | US |

4. COLLATERAL: This financing statement covers the following collateral:
All inventory, equipment, accounts (including but not limited to all health-care-insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles); all oil, gas and other minerals before extraction; all oil, gas, other minerals and accounts constituting as-extracted collateral; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies and commingled goods relating to the foregoing property, and all additions, replacements of and substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and embedded software relating to the foregoing property, and all equipment, inventory and software to utilize, create, maintain and process any such records and data on electronic media; an all supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether now owned or hereafter acquired or whether now or hereafter subject to any

See attachment.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
70202715

UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Collateral Description        Filing Number:53415370

rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property.    The collateral is within the scope of the New Jersey Uniform Commercial Code, pursuant to 12A:9-102 and 12A:9-109.

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Lien Solutions                    8003313282

**B. E-MAIL CONTACT AT FILER (optional)**
uccfilingreturn@wolterskluwer.com

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071
US

State of New Jersey
Department of the Treasury
Division of Revenue & Enterprise Services
UCC Section
Filed

Filing Number:53415370

01/12/24 12:34:16

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**1a. INITIAL FINANCING STATEMENT FILE NUMBER**
53415370

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS
Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:          **AND** Check one of these three boxes to:

☐ This Change affects ☐ Debtor or ☐ Secured Party of record     ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c     ☐ ADD name: Complete item 7a or 7b, and item 7c     ☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**8.** ☐ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☐ RESTATE covered collateral ☐ ASSIGN collateral

Indicate collateral:

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| TD BANK, NATIONAL ASSOCIATION | | | |
| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA:**
96878091- Debtor: JVK OPERATIONS LTD. OF NJ

UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER** (optional)
Lien Solutions                          8003313282

**B. E-MAIL CONTACT AT FILER** (optional)
uccfilingreturn@wolterskluwer.com

**C. SEND ACKNOWLEDGMENT TO:**  (Name and Address)

Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071
US

State of New Jersey
Department of the Treasury
Division of Revenue & Enterprise Services
UCC Section
Filed

Filing Number:54590571

07/31/20 17:36:07

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. **DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| JVK OPERATIONS LTD. OF NJ | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 130 NEW HIGHWAY | NORTH AMITYVILLE | NY | 11701 | US |

2. **DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| BNB Bank | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 898 Veterans Memorial Highway, Suite 560 | Hauppauge | NY | 11788 | US |

4. **COLLATERAL:** This financing statement covers the following collateral:
All inventory, equipment, accounts (including but not limited to all health-care-insurance receivables), chattel paper, instruments (including but not limited to all promissory notes), letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, cash and cash equivalents, other rights to payment and performance, and general intangibles (including but not limited to all software and all payment intangibles); all oil, gas and other minerals before extraction; all oil, gas, other minerals and accounts constituting as-extracted collateral; all fixtures; all timber to be cut; all attachments, accessions, accessories, fittings, increases, tools, parts, repairs, supplies, and commingled goods relating to the foregoing property, and all additions, replacements of substitutions for all or any part of the foregoing property; all insurance refunds relating to the foregoing property; all good will relating to the foregoing property; all records and data and embedded software relating to the foregoing property, and all equipment, inventory and software to utilize, create, maintain and process any such records and data on electronic media; and all supporting obligations relating to the foregoing property; all whether now existing or hereafter arising, whether

See attachment.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:  ☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility     6b. Check only if applicable and check only one box:  ☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable):  ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
76146340

UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Collateral Description      Filing Number:54590571

now owned or hereafter acquired or whether now or hereafter subject to any rights in the foregoing property; and all products and proceeds (including but not limited to all insurance payments) of or relating to the foregoing property.

EXHIBIT C

| JVK NY 24-70799 REG<br>Weekly Budget 3/4/23 - 05/27/24 | | Week 1 | Week 2 | Week 3 | Week 4 | Week 5 | Week 6 | Week 7 | Week 8 | Week 9 | Week 10 | Week 11 | Week 12 | Week 13 | | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 3/4-3/10 | 3/11-3/17 | 3/18-3/24 | 3/25-3/31 | 4/1-4/7 | 4/8-4/14 | 4/15-4/21 | 4/22-4/28 | 4/29-5/5 | 5/6-5/12 | 5/13-5/19 | 5/20-5/26 | 5/27-6/2 | | |
| **Cash IN** | | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | - | 2,925,000.00 |
| | | - | - | - | - | - | - | - | - | - | - | - | - | - | | - |
| | Subtotal | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | 225,000.00 | | 2,925,000.00 |
| **Cash OUT [NOTE 1]** | | | | | | | | | | | | | | | | |
| Employee Salaries + Payroll Taxes | | 152,456.01 | 152,456.01 | 152,456.01 | 152,456.01 | 152,456.01 | 152,456.01 | 152,456.01 | 152,456.01 | 152,456.01 | 152,456.01 | 152,456.01 | 152,456.01 | 152,456.01 | | 1,981,928.13 |
| General Liability Ins (IPFS) | | - | - | 6,609.20 | - | - | - | 6,609.20 | - | - | - | 6,609.20 | - | - | | 19,827.60 |
| Workers Comp Ins. -NYSIF | | - | - | - | 22,087.40 | - | - | - | - | 22,087.40 | - | - | - | 22,087.40 | | 66,262.20 |
| AT&T | | - | - | - | - | 415.40 | - | - | - | 415.40 | - | - | - | 415.40 | | 1,246.20 |
| Computer | | 253.15 | - | - | - | - | 202.52 | - | - | - | 202.52 | - | - | - | | 658.19 |
| Optimum- Land Line + Internet JVKNY | | 600.00 | - | - | - | - | 600.00 | - | - | - | 600.00 | - | - | - | | 1,800.00 |
| Waste -JVKNY | | - | 3,572.28 | - | - | - | 3,572.28 | - | - | - | - | 3,572.28 | - | - | | 10,716.84 |
| EZ Pass | | 2,200.15 | 2,200.15 | 2,200.15 | 2,200.15 | 2,200.15 | 2,200.15 | 2,200.15 | 2,200.15 | 2,200.15 | 2,200.15 | 2,200.15 | 2,200.15 | 2,200.15 | | 28,601.95 |
| Materials/parts | | - | 250.00 | - | - | 250.00 | - | 250.00 | - | 250.00 | - | - | 250.00 | - | | 1,500.00 |
| Rent (130 & 166 New Highway) | | - | 36,274.60 | - | - | - | - | 36,274.60 | - | - | - | 36,274.60 | - | - | | 108,823.80 |
| Auto Insurance | | 7,846.16 | - | - | - | - | 7,846.16 | - | - | - | 7,846.16 | - | - | - | | 23,538.48 |
| Health Insurance | | - | - | 8,030.76 | - | - | - | - | 8,030.76 | - | - | - | 8,030.76 | - | | 24,092.28 |
| Officer's Life Insurance | | - | - | 3,170.76 | - | - | - | - | 3,170.76 | - | - | - | 3,170.76 | - | | 9,512.28 |
| Truck Fuel | | 4,949.00 | 4,949.00 | 4,949.00 | 4,949.00 | 4,949.00 | 4,949.00 | 4,949.00 | 4,949.00 | 4,949.00 | 4,949.00 | 4,949.00 | 4,949.00 | 4,949.00 | | 64,337.00 |
| Truck Lease & Mileage | | 23,076.96 | - | - | - | - | 23,076.96 | - | - | - | 23,076.96 | - | - | - | | 69,230.88 |
| Truck Misc (GPS) | | - | - | - | 620.40 | - | - | - | - | 496.32 | - | - | - | 496.32 | | 1,613.04 |
| SC Sewer Service - JVKNY | | - | - | - | - | 4,038.44 | - | - | - | - | 4,038.44 | - | - | - | | 8,076.88 |
| SC Water | | - | - | 6,500.00 | - | - | - | - | - | - | - | - | 6,500.00 | - | | 13,000.00 |
| PSEGLI (130 & 160) | | - | - | 14,938.16 | 14,938.16 | - | - | 14,938.16 | - | 14,938.16 | 14,938.16 | - | - | 14,938.16 | | 89,628.96 |
| National Grid (130 & 160) | | - | - | - | - | 45,230.76 | - | - | 45,230.76 | - | - | - | 45,230.76 | - | | 135,692.28 |
| Supplies (production) | | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | 2,100.00 | | 27,300.00 |
| Supplies (office) | | 250.00 | - | - | - | - | 250.00 | - | - | - | 250.00 | - | - | - | | 750.00 |
| Chemicals | | 2,769.23 | 2,769.23 | 2,769.23 | 2,769.23 | 2,769.23 | 2,769.23 | 2,769.23 | 2,769.23 | 2,769.23 | 2,769.23 | 2,769.23 | 2,769.23 | 2,769.23 | | 35,999.99 |
| TOTAL WEEKLY DISBURSEMENTS | | 196,500.66 | 204,571.27 | 203,723.27 | 202,120.35 | 214,408.99 | 200,022.31 | 222,546.35 | 220,906.67 | 202,661.67 | 215,426.63 | 211,180.47 | 220,906.67 | 209,161.67 | | 2,724,136.98 |
| **Bankruptcy and Related Expenses** | | | | | | | | | | | | | | | | |
| UST Quarterly Fees | | - | - | - | - | - | 3,227.00 | - | - | - | - | - | - | - | - | 3,227.00 |
| Debtor's Counsel | | - | - | - | - | - | - | - | - | - | - | - | - | - | | - |
| Adequate Assurance Deposits | | 11,000.00 | 11,000.00 | 11,000.00 | 11,000.00 | - | - | - | - | - | - | - | - | - | | 44,000.00 |
| Cash Flow | | 17,499.34 | 9,428.73 | 10,276.73 | 11,879.65 | 10,591.01 | 21,750.69 | 2,453.65 | 4,093.33 | 22,338.33 | 9,573.37 | 13,819.53 | 4,093.33 | 15,838.33 | - | 153,636.02 |

NOTE 1:  the Debtors shall be authorized (i) to use Cash Collateral as of the Petition Date, in each case in accordance with the Budget and the Interim Order in an amount that would not cause actual cumulative disbursements to be more than twenty percent (20%) in excess of the disbursements included in the Budget for any 4 week period in the Budget (each four week period, a "Budget Period") (in each case excluding fees and expenses of the professionals and advisors of the Debtors)("Permitted Variance"), provided, however, that the Debtors may (A) carry-forward any disbursement amounts or receipt amounts that are available and unused  during a Budget Period to the immediately following Budget Period and (B) may carry-backwards any amounts available to be used in one immediately subsequent Budget Period to be used in the then in effect Budget Period (which amounts will as a result not be available in such subsequent Budget Period).

| JVK NJ 24-70800 REG<br>Weekly Budget 3/4/23 - 05/27/24 | Week 1 | Week 2 | Week 3 | Week 4 | Week 5 | Week 6 | Week 7 | Week 8 | Week 9 | Week 10 | Week 11 | Week 12 | Week 13 | | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 3/4-3/10 | 3/11-3/17 | 3/18-3/24 | 3/25-3/31 | 4/1-4/7 | 4/8-4/14 | 4/15-4/21 | 4/22-4/28 | 4/29-5/5 | 5/6-5/12 | 5/13-5/19 | 5/20-5/26 | 5/27-6/2 | | |
| **Cash IN** | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | | 807,300.00 |
| Subtotal | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | 62,100.00 | | 807,300.00 |
| **Cash OUT [NOTE 1]** | | | | | | | | | | | | | | | |
| Employee Salaries + Payroll Taxes | 22,267.37 | 22,267.37 | 22,267.37 | 22,267.37 | 22,267.37 | 22,267.37 | 22,267.37 | 22,267.37 | 22,267.37 | 22,267.37 | 22,267.37 | 22,267.37 | 22,267.37 | | 289,475.81 |
| General Liability Ins (IPFS) | 3,092.32 | - | - | - | - | 3,092.32 | - | - | - | 3,092.32 | - | - | - | | 9,276.96 |
| Workers Comp Ins. -NYSIF | - | 2,123.08 | - | - | - | - | 2,123.08 | - | - | - | 2,123.08 | - | - | | 6,369.24 |
| Comcast- Land Line + Internet JVKNJ | - | - | - | - | 299.08 | - | - | - | 299.08 | - | - | - | 299.08 | | 897.24 |
| EZ Pass | 461.54 | 461.54 | 461.54 | 461.54 | 461.54 | 461.54 | 461.54 | 461.54 | 461.54 | 461.54 | 461.54 | 461.54 | 461.54 | | 6,000.02 |
| Materials/parts | 250.00 | - | - | - | - | 250.00 | - | - | - | 250.00 | - | - | - | | 750.00 |
| Rent(521 Black Horse Pike) | - | - | 12,816.92 | - | - | - | - | 12,816.92 | - | - | - | 12,816.92 | - | | 38,450.76 |
| Auto Insurance | - | - | - | 3,600.00 | - | - | - | 0 | 3,600.00 | - | - | - | 3,600.00 | | 10,800.00 |
| Truck Fuel | 1,846.15 | 1,846.15 | 1,846.15 | 1,846.15 | 1,846.15 | 1,846.15 | 1,846.15 | 1,846.15 | 1,846.15 | 1,846.15 | 1,846.15 | 1,846.15 | 1,846.15 | | 23,999.95 |
| Truck Lease & Mileage | - | - | - | 18,461.52 | - | - | - | 18,461.52 | - | - | - | 18,461.52 | - | | 55,384.56 |
| WTMUA - JVKNJ | - | - | - | - | 12,000.00 | - | - | - | - | - | 12,000.00 | - | - | | 24,000.00 |
| Waste | - | - | - | - | 369.24 | - | - | - | 369.24 | - | - | - | 369.24 | | 1,107.72 |
| South Jersey Gas | 16,153.84 | 16,153.84 | - | - | - | 16,153.84 | 16,153.84 | - | - | 16,153.84 | - | - | 16,153.84 | | 96,923.04 |
| Atlantic City Elecric | - | - | - | - | 18,461.52 | - | - | - | 18,461.52 | - | 18,461.52 | - | - | | 55,384.56 |
| Supplies (production) | - | 895.85 | - | 895.85 | - | 895.85 | - | 895.85 | - | 895.85 | - | 895.85 | - | | 5,375.10 |
| Supplies (office) | 50.00 | - | - | - | - | 50.00 | - | - | - | 50.00 | - | - | - | | 150.00 |
| Chemicals | 1,757.77 | 1,757.77 | 1,757.77 | 1,757.77 | 1,757.77 | 1,757.77 | 1,757.77 | 1,757.77 | 1,757.77 | 1,757.77 | 1,757.77 | 1,757.77 | 1,757.77 | | 22,851.01 |
| Cleaners | 923.08 | 923.08 | 923.08 | 923.08 | 923.08 | 923.08 | 923.08 | 923.08 | 923.08 | 923.08 | 923.08 | 923.08 | 923.08 | | 12,000.04 |
| TOTAL WEEKLY DISBURSEMENTS | 46,802.07 | 46,428.68 | 40,072.83 | 50,213.28 | 58,385.75 | 47,697.92 | 45,532.83 | 59,430.20 | 49,985.75 | 47,697.92 | 59,840.51 | 59,430.20 | 47,678.07 | | 659,196.01 |
| **Bankruptcy and Related Expenses** | | | | | | | | | | | | | | | |
| UST Quarterly Fees | - | - | - | - | 734.00 | - | - | - | - | - | - | - | - | - | 734.00 |
| Debtor's Counsel | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Adequate Assurance Deposits | 7,645.00 | 7,645.00 | 7,645.00 | 7,645.00 | - | - | - | - | - | - | - | - | - | | 30,580.00 |
| **Cash Flow** | 7,652.93 | 8,026.32 | 14,382.17 | 4,241.72 | 3,714.25 | 13,668.08 | 16,567.17 | 2,669.80 | 12,114.25 | 14,402.08 | 2,259.49 | 2,669.80 | 14,421.93 | - | 116,789.99 |

NOTE 1: the Debtors shall be authorized (i) to use Cash Collateral as of the Petition Date, in each case in accordance with the Budget and the Interim Order in an amount that would not cause actual cumulative disbursements to be more than twenty percent (20%) in excess of the disbursements included in the Budget for any 4 week period in the Budget (each four week period, a "Budget Period") (in each case excluding fees and expenses of the professionals and advisors of the Debtors)("Permitted Variance"), provided, however, that the Debtors may (A) carry-forward any disbursement amounts or receipt amounts that are available and unused during a Budget Period to the immediately following Budget Period and (B) may carry-backwards any amounts available to be used in one immediately subsequent Budget Period to be used in the then in effect Budget Period (which amounts will as a result not be available in such subsequent Budget Period).